SOLOMON ANDREWS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. EVIDENCE—*guilty knowledge—receiving stolen goods.* Where a second hand retailer of clothing was indicted for receiving stolen goods, and, as tending to prove guilty knowledge, evidence was introduced that he had only paid for the clothing about one third of its value, it is error to refuse to permit accused to prove, that, according to usage, dealers in second hand clothing do not generally pay full prices for clothing, but purchase it at a reduction, and, from the character of the business, they are compelled to sell new clothing for the price of second hand goods, and hence they must purchase out of season and at reduced prices. Such evidence would tend to rebut the inference of guilty knowledge drawn from the fact that accused had purchased the goods at very low rates.

2. SAME—*improper—its exclusion by instruction.* In such a prosecution, it is proper, by instruction, to exclude evidence which has been admitted of a previous conversation between the prosecuting witness and the brother of accused in reference to stolen goods. It is improper to permit such evidence to go to the jury, and when it does, it should be excluded.

3. INSTRUCTION. It is not error to refuse an instruction which professes to determine the weight of evidence, or what it tends to prove. These are questions for the jury.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FRANCIS ADAMS, for the plaintiff in error.

Mr. CHARLES H. REED, State's Attorney, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error was indicted in the recorder's court of the city of Chicago for having received stolen goods, consisting of overcoats, dress and business coats, and shirts, the property of Morse, Loomis & Co. On a plea of not guilty, he was, on the second trial, convicted, the first jury to whom the case was submitted having been unable to agree, and the term of his confinement in the penitentiary was fixed at two years.

The goods were stolen by a clerk of Morse, Loomis & Co., and sold to accused. Clark, their salesman, swears that he stole the goods and sold them to plaintiff in error for about one third of their value, sometime in the month of October or November; that he sold him goods thus obtained at various times, at his solicitation; that the first sale was under a threat of being reported to his employers for selling other goods he had previously stolen, which he admits he stole. He says he declined to sell to accused at their first and second interviews, but yielded under the pressure of threats of being exposed for former thefts.

On the trial in the court below, accused offered to prove that those engaged in the second hand clothing trade did not pay full prices for clothing, but purchased them at a reduction; that, from the character of the business, they have to sell new clothing at the price of second hand goods, and for that reason never pay full value; and when purchases are made late in the season, it is at reduced prices. The court below refused to admit this evidence.

One of the facts relied upon by the prosecution, to prove guilty knowledge, was the purchase of the goods at greatly reduced prices. Had this evidence been admitted, it would have tended to rebut that presumption. It would have been for the jury to say how far it tended to rebut the presumption, but still it tended to produce that result. The evidence was pertinent to the issue, and should have been admitted.

Both the witnesses, by whom the offer was made, swear they were acquainted with the clothing trade, both the wholesale and second hand branches; and had their evidence been admitted, the case would have been presented to the jury on all of the facts calculated to shed light on the transaction. It would have shown the usage and necessities of the trade, and the jury would have had this, with the other evidence, from which to determine the motives which operated on accused when he purchased.

At one of the interviews, at which Clark sold the goods in a trunk, he is contradicted by the clerk of plaintiff in error as to the price paid for the coats. He swears he handled the goods, and that no cards were on the coats, as stated by Clark; and the clerk and two other witnesses swear Clark, at that time, represented himself as belonging to a firm in the city, and desired to meet a payment, and would sell the goods at reduced prices for that reason, but, when asked, he declined to give the name of the firm. A large number of witnesses who knew him testified to the good character of plaintiff in error, for many years, for honesty. On the other hand, several persons of the police force testified it was not good.

When the prosecution relied principally on Clark's evidence, who then stood convicted of the larceny of the goods, and who was but slightly, if at all, corroborated by other evidence, as to the guilty knowledge of defendant, and as there was a conflict on other material portions of the evidence, we think that it was error not to permit accused to prove the usage of his business. When there is such a conflict, circumstances, slight in their character, may become highly important in arriving at the truth.

DeBar testified that some of the shirts were exposed publicly to sale, in a window, and one of the overcoats was suspended at the door of the house where the goods were found. Loomis, however, swears that neither of his coats was at the door. He says that there was a coat there, but it was not his.

The conversation detailed by Clark, as having occurred between him and the brother of plaintiff in error, in reference to other stolen goods, was properly excluded from the jury by the instruction given, but the evidence should not have been permitted to go to the jury, as it was calculated to prejudice them against the accused, but it was no doubt inadvertently admitted.

It is urged that the court erred in refusing to give an instruction asked by plaintiff in error. It asserted that, if the jury believed that a part of the goods were exposed in the usual manner, to sale, such fact tended to destroy the presumption that might arise from inadequacy of price. This instruction, although announcing a correct rule of evidence, was calculated to mislead the jury, unless it had further stated that it was for them to say whether, when considered with the other evidence, it did destroy the presumption. When a jury are simply told that certain facts tend to prove a proposition, they may not be able to fully appreciate what weight the court thus intends them to give such evidence. They know that all evidence is admitted because it tends to prove the issue in the case, but when a particular portion is selected upon which to base an instruction, it gives to the mind the impression that the court regards it as particularly important, and there is danger of its receiving more than its proper weight.

There was no error in refusing this instruction, but for the errors indicated, the majority of the court hold the judgment must be reversed, and the cause is remanded for a new trial.

*Judgment reversed.*