(No. 20011.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOE BATTAGLIA, Plaintiff in Error.

*Opinion filed April 17, 1930.*

EMMET F. BYRNE, (CLYDE C. FISHER, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Joe Battaglia, was in the criminal court of Cook county indicted, tried, convicted and sentenced to the penitentiary for the larceny of property of the value of $100 from Louis Ille. The cause is here upon writ of error.

Ille testified that on the morning of June 6, 1929, he boarded a Clybourne avenue street car at Western avenue and Roscoe streets, in the city of Chicago, and seated himself in the front part of the car. When he boarded the car it was empty but later it was very crowded, there being probably a hundred people on the car. The back platform

was crowded and people were hanging on the steps. After traveling fourteen blocks to Osgood street he attempted to leave the car. At that time a man, whom he later identified as plaintiff in error, was standing by the rear doorway inside of the car, with his hands even with his head, supporting himself against the partition of the car, with his back toward witness. A number of people were standing just inside of the door—crowded around it. Witness tried to go out but the door was blocked by the man referred to, so witness asked the man twice to let him out; that there were people attempting to come in the door who could not get in because the car was so crowded; that instead of letting witness out, the man put his hands against the door and pushed witness back, stepping back so that his foot was behind witness; that somebody put a foot in front of witness as he was pushed from behind; that he was standing only on his right foot and had to raise his hands to prevent his falling over; that he could not get off at Osgood street but had to remain on the car until the next street, Clay; that he did not see anyone get off the car at Osgood street; that he got off the car at Clay street and that no money was taken from him while getting off there; that he did not think plaintiff in error took any money from him, as he was in front of him, and from the position he was in he could not have taken the money; that when he left home he had a pocket-book containing a hundred-dollar bill and an unsigned $75 check in the rear left pocket of his trousers; that about three-quarters of an hour after leaving the street car he received a telephone call asking him to go to a restaurant on North Wells street, where he had a talk with two men, neither of whom was plaintiff in error, at which time his pocket-book was given him, and he then for the first time missed it; that about a week before the trial he received $100 from an unknown man who was not plaintiff in error; that on June 7 he went to the detective bureau, where a group of about twenty men, among whom was plain-

tiff in error, was brought out, from whom he selected at first a man named Caruso as the man; that afterwards he was not so sure and did not want to indict Caruso on that account; that the first group was then taken out and a second one, including plaintiff in error, was brought in, when he identified plaintiff in error; that he had never seen plaintiff in error before June 6; that when he got off the car at Clay street the man who had stood inside of the door turned around, with his face towards witness, and then for the first time he had a chance to look at his face, at which he looked for something like ten seconds.

Plaintiff in error, testifying as a witness, denied all complicity in the crime, and stated that at the time in question he was at the barber shop of Sam Bonomo, at 210 West Thirty-first street, where he remained for about an hour. In this he is corroborated by Bonomo, who was able to fix the date for the reason that the next day plaintiff in error came to him and informed him that he had been arrested for a crime committed the day before at a time when he was in the barber shop.

No witness other than Ille testified to having seen plaintiff in error in the car or gave evidence in any way tending to prove his guilt of the crime of which he was convicted. Ille's evidence falls far short of proving such guilt beyond a reasonable doubt. It does not even show that his pocketbook was stolen on the street car. For anything which appears in the evidence it might have been lost before he entered the car or after he left it. Plaintiff in error's conviction was no doubt induced by the statement of John Howe, a police officer, that on or about June 6, 1929, about six o'clock P. M., he arrested plaintiff in error and "took him off a street car at Center and Clark with three other pickpockets." This statement was volunteered by the witness and was not responsive to any question. While it was stricken out by the court it indubitably had an effect upon the jury prejudicial to plaintiff in error. Immediately after

this statement was made plaintiff in error asked leave to withdraw a juror and moved that the case be continued. Leave was denied and the motion overruled.

The competent evidence in the case failing to show plaintiff in error's guilt beyond a reasonable doubt, the judgment of the criminal court of Cook county is reversed and the cause remanded to that court.

*Reversed and remanded.*