(No. 20047

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM CARUSO, Plaintiff in Error.

*Opinion filed April 17, 1930.*

JOHN R. SNIVELY, and NORTH, LINSCOTT, GIBBONEY, NORTH & DIXON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, and JOEL C. FITCH, (ALFRED B. LOUISON, of counsel,) for the People.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

Plaintiff in error, Sam Caruso, and Frank Nicholson, were indicted jointly at the April term, 1929, of the circuit court of Winnebago county for the crime of larceny from the person. The case was tried at the October term and resulted in the conviction of both defendants. Plaintiff in error prosecutes this writ of error to review the judgment entered on the verdict.

The crime for which plaintiff in error was convicted was committed at the northwest corner of the intersection of State and Main streets, in the city of Rockford. Edward Ring, a police officer, was standing across the street from the corner in question and observed Caruso and Nicholson loitering about the corner of the intersection where the busses stopped. Many people were waiting there. Ring observed Caruso force himself among the people and saw him and Nicholson pushing and feeling the back pockets of people who were boarding the various busses and lifting up the coat tails of some of the men. Upon the departure of each bus Caruso and Nicholson walked back to a place near the store building located on the corner, where they were joined by a third person. The three men in each instance talked and laughed for a few minutes and the third person left. After the arrival of the fourth bus Ring crossed the street to the corner where Caruso and Nicholson were standing and placed them under arrest. He then took them to the police station and searched them. In Caruso's pocket was found a purse containing a dollar bill, forty-nine cents

in change and two keys. Ring further testified that on the way to the police station Caruso was trying to put his hands in his pockets; that upon their arrival at the station Caruso wanted to go to the toilet, but witness refused to allow him until he had been searched; that Nicholson told the witness he had better let Caruso go, because he had a bad disease and could not hold his urine, and that after Caruso had been searched no further request was made by him.

Hazel Nelson testified that she was on one of the busses that stopped at the corner of State and Main streets; that she saw the complaining witness, Gust Lindman, get on the bus at that corner; that Caruso was near the entrance to the bus and was leaning against it; that Nicholson was immediately behind Lindman and she saw him push Lindman's coat up with a newspaper, reach into Lindman's pocket, quickly remove both hands and step off of the bus and stand facing Caruso; that she reported the matter to the police by phone as soon as she arrived at her home. Later, at the police station, she identified Caruso and Nicholson as being the two men she had seen by the bus.

Lindman testified that he missed his purse soon after he arrived at his home and reported the loss to the police. He identified the purse and the keys found in Caruso's pocket as being his property and testified that the purse contained a dollar bill and some dimes and pennies at the time it was stolen. He testified that the smaller of the two keys was the key to a handgrip and the larger was the key to his writing desk. It was found that the smaller key locked and unlocked the grip and the larger one the door of the desk.

Nicholson took the stand in his own behalf and denied having participated in the larceny. He also denied knowing Caruso.

Caruso testified that he was a shoe cobbler, residing in Chicago; that he came to Rockford to see a friend; that he did not know Nicholson and had never seen him before

the arrest; that he did not at any time talk with Nicholson prior to the arrest; that he did not steal, or participate in the stealing of, the purse which was found on his person; that the purse was his own property, having been purchased by him in Chicago; that his reason for standing on the corner was that he was waiting for a bus to take him out to his friend's place of business and that he was watching each bus to see if it was the one he should take. He denied trying to put his hands in his pockets on the way to the police station and denied asking the officer to allow him to go to the toilet. No other evidence was introduced on behalf of either defendant.

It is first contended by plaintiff in error that certain remarks of the State's attorney in his argument to the jury were inflammatory and prejudicial. The remarks complained of were not taken down by the court reporter but are set up in an affidavit filed in support of the motion for a new trial. In his certificate to the bill of exceptions the trial judge has certified that in overruling the motion for a new trial the affidavit in conjunction therewith was not taken or considered as true, and that "the court did not, and does not now, consider the allegations therein as being the substance of what the assistant State's attorney stated in his argument as heard and understood by the court." Regardless of the sufficiency of attempting to preserve the question for review by way of affidavit, we are bound by the certificate of the trial judge. ·He heard the arguments of counsel and knew whether the allegations of the affidavit were true. This court has held, however, that it is not sufficient to embody the statement complained of in an affidavit filed in support of a motion for a new trial. *Mayes* v. *People,* 106 Ill. 306.

The principal contention of plaintiff in error is that the court erred in refusing to sustain his motion to suppress the evidence regarding the purse and for a return of the purse to him. In support of this it is urged that plaintiff

in error was arrested without a warrant and searched without a search warrant, and that both the arrest and the search were therefore unlawful. It is the well settled rule in this State that where an arrest is made by an officer who has reasonable ground for believing that the person arrested is implicated in the commission of a crime such officer has a right to arrest without a warrant and to search the arrested person without a search warrant. (*Lynn* v. *People,* 170 Ill. 527; *People* v. *Swift,* 319 id. 359.) Counsel apparently concede that to be the law, but they argue that it must appear to the arresting officer that the person arrested was guilty of a particular crime; that the crime of larceny from the person is an offense against the person, and, therefore, that the officer making the arrest must be convinced to a reasonable degree that the crime has been committed upon a particular person. They argue that in this case the officer who arrested plaintiff in error could not have been convinced that the crime of larceny from the person had been committed upon any particular person, and therefore the arrest and search were illegal. This argument is without merit. The actions of plaintiff in error and Nicholson were in plain view of the officer and could not reasonably be explained upon any other hypothesis than that they were attempting to pick the pockets of persons getting on the bus. It was not necessary that the officer know who the persons were against whom the offense was committed or that there should have been any complaint made to him. It was obvious to the officer that the crime of larceny from the person was being committed or attempted, and he was justified in making the arrest and the subsequent search. The motion was properly denied.

There being no error apparent upon the record, the judgment is affirmed.

*Judgment affirmed.*