(No. 20563.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SIGMUND DELUCA, Plaintiff in Error.

*Opinion filed February 18, 1931—Rehearing denied April 9, 1931.*

STONE and DEYOUNG, JJ., dissenting.

CAIROLI GIGLIOTTI, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JOHN P. MADDEN, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

This is a writ of error by the defendant, Sigmund De-Luca, who was convicted in a justice's court of the unlawful possession of a hen pheasant at a time when the killing or

possession of a hen pheasant was a criminal offense under the provisions of the game laws of this State. After his conviction DeLuca took an appeal to the criminal court of Cook county, where a judgment was entered dismissing the appeal, thus leaving the judgment of conviction in the justice's court in full force and effect. A petition was presented to the criminal court for the suppression of certain evidence which had been obtained by searching the defendant's person. Upon this petition evidence was heard, and upon the hearing the petition was denied and the appeal dismissed.

The evidence shows that the defendant was riding on a passenger train in Cook county, and that while he was seated, officers charged with the enforcement of the game laws boarded the train in search of persons who they had been told were guilty of a violation of those laws. These officers saw some feathers sticking out of defendant's pocket, searched his person for evidences of guilt and found four hen pheasants in his coat pockets. They thereupon arrested him and proceeded to have him prosecuted for a violation of the game laws. The record clearly shows that the defendant's person was searched before he was arrested. Edward B. Shultz, lieutenant of police of the village of Forest Park, testified that in pursuance of a telephone message that there were violators of the laws in question on the train he went through the train looking for evidences of violation, saw some feathers sticking out of the defendant's coat pockets and thereupon searched him and found four hen pheasants inside of his coat, and that he arrested him and took him to the police station. Walter Blassey, another police officer, testified to the same effect. The person of the defendant was first searched, and it was not until after the hen pheasants had been obtained by means of such search that he was arrested. The officers testified that he was not disorderly and was not attempting to break the peace and that they had no search warrant. Officer Shultz

also testified that the defendant made no protest, but the defendant testified that he did not submit willingly to the search; that the officers got rough and took his coat off by force, and that he protested but they paid no attention to him. The officers did not deny that they removed the defendant's coat by force, except by the statement of officer Shultz that the defendant made no protest. Shultz further testified that at the time of the search the defendant admitted that he had killed the birds, but this admission was in connection with the unlawful search, and if the evidence obtained by the unlawful search should have been suppressed, the admission, which grew out of the search and was developed by it and was a part of it, should not have been considered. Evidently, if the hen pheasants had not been found by a search of the person of the defendant he would not have been arrested. In such case there would have been no probable cause for his arrest. There would have been nothing to indicate that the feathers were those of hen pheasants and not of cock pheasants or of some other birds. The evidence was obtained by the unlawful search.

Undoubtedly the law is that where an arrest is made by an officer who has reasonable ground for believing that the person arrested is implicated in the commission of a crime, such officer has a right to arrest without a warrant and to search the arrested person without a search warrant, (*People* v. *Caruso,* 339 Ill. 258, and cases cited,) but where there is no probable cause and the person is searched without a search warrant in an effort to discover evidence, and an arrest is afterwards made solely on the strength of the discovery, the evidence thus obtained is violative of his constitutional right and should be suppressed, on motion duly made for that purpose. *People* v. *Brocamp,* 307 Ill. 448; *People* v. *Castree,* 311 id. 392; *Agnello* v. *United States,* 269 U. S. 20, 70 L. ed. 145; *People* v. *McGurn,* 341 Ill. 632.

The inherent right of all citizens to immunity from unreasonable search and seizure is guaranteed by both State

and Federal constitutions. This right was violated by an unlawful search of the defendant without a warrant and before his arrest. The criminal court erred in denying defendant's petition to suppress the evidence and in dismissing the appeal upon the strength of such evidence.

The judgment is therefore reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*

STONE and DEYOUNG, JJ., dissenting:

We do not concur in the foregoing decision. An arrest is defined as a legal restraint of the person; custody. (Webster's International Dict.) It is evident from the record that the search and arrest in this case were but one act. The evidence shows that the officers making the search and arrest had been informed that the law protecting game birds had been violated. They saw feathers, which were those of a hen pheasant, protruding from the coat pocket of the plaintiff in error. They had therefore reasonable ground for believing that he was implicated in the violation of the statute prohibiting the possession of hen pheasants. This belief was reasonably based on what they saw in his possession before searching and arresting him. The search and seizure against which the citizen is protected by constitutional guaranty is unreasonable search and seizure and does not extend to immunity from search on arrest. (*People* v. *Hord,* 329 Ill. 117.) The guaranty of the constitution has no application to arrests for offenses consisting wholly or in part in having particular property in possession. In such cases the right of seizure is incidental to the right to arrest. (*North* v. *People,* 139 Ill. 81.) The search under the circumstances of this case cannot be said to be unreasonable.

It is the rule in this State, and generally, that when an officer has reasonable ground for believing that a person

is implicated in the commission of a crime he may arrest such person without a warrant and search him without a search warrant. *People* v. *Caruso,* 339 Ill. 258; *People* v. *Swift,* 319 id. 359; *Lynn* v. *People,* 170 id. 527; *North* v. *People, supra; Gindrat* v. *People,* 138 Ill. 103; 5 Corpus Juris, 434.

The opinion adopted is contrary to the rule long adhered to in this State, as the cases above cited show, and puts an unwarranted restraint upon officers of the law in the discharge of their duty.