(No. 21201.

THE PEOPLE *ex rel.* Robert A. Bain, Petitioner, *vs.* WILLIAM D. MEYERING, Sheriff, Respondent.

*Announced orally December 9, 1931.*

DENEEN, HEALY & LEE, for petitioner.

OSCAR E. CARLSTROM, Attorney General, for respondent.

Mr. CHIEF JUSTICE STONE announced the decision of the court:

The petitioner in this cause seeks by a writ of *habeas corpus* to be discharged from the custody of respondent, and complains that he is being kept in the county jail of Cook county by a void order of the Hon. Michael Feinberg, one of the judges of the circuit court of Cook county.

At an earlier day of this term the petition was filed and a rule on respondent was made returnable on December 8, 1931. Respondent in his return sets out certain proceedings before Judge Feinberg in a receivership matter wherein John W. Seeborg was complainant and John Bain, Inc., a corporation, was defendant; that a hearing was had on the receiver's petition to require former officers, employees and other persons connected with John Bain, Inc., including relator, to appear and give testimony for the purpose of discovering assets of the corporation. It also appears from the petition and the return that the relator, after appearing and testifying, was committed to the county jail by the judge under the following order: "On motion of the court, after having heard testimony adduced in open court in the matter of the petition of the receiver in the first above entitled cause, which prayed, among other things, the aid of the court to discover assets in aid of the receivership estate in said cause, and the court, being fully advised in the premises, finds that it had jurisdiction of the parties and the subject matter herein. The court further finds from the evidence heard in open court that it has reasonable cause to believe one Robert A. Bain is guilty of the criminal offense of obtaining money and property by means of false pretenses, and the further criminal offense of embezzlement, and the further criminal offense of the confidence game, and the further criminal offense of being accessory before the fact. It is therefore ordered and adjudged that said Robert A. Bain be, and he is hereby, held to the criminal court of Cook county, Illinois, for appear-

ance in said criminal court of Cook county to the December term of said criminal court, and from term to term thereafter, to answer any indictment which may be returned in said criminal court of Cook county by the grand jury impaneled to inquire into said offenses against said Robert A. Bain, and the bail of said Robert A. Bain, conditioned according to law, is hereby fixed in the sum of ten thousand dollars ($10,000). The sheriff of Cook county is hereby directed to take the said Robert A. Bain into custody and keep him in custody until he shall have furnished a good and sufficient bond as provided in this order, and the clerk of this court is directed to furnish the authority to said sheriff to take the said Robert A. Bain into his custody." This order relator in his petition charges to be entirely without basis or authority in law, and that it violates his constitutional rights and is an order beyond the jurisdiction of the judge to enter. To the return of respondent the relator has filed a motion to be discharged and the issue is before this court on that motion.

It appears that the above quoted order was entered on the judge's own motion, that no complaint had been made, subscribed or sworn to before the judge, and no notice of any character was given to the relator of his impending incarceration.

Section 6 of article 2 of the constitution of this State provides in part, "no warrant shall issue without probable cause, supported by affidavit." This section of the constitution has been many times construed by this court, and it has been uniformly held that no person may be arrested and held to answer a charge of crime other than on a sworn complaint before a judge or justice of the peace, or an indictment returned by a grand jury duly sworn and impaneled, or by presentment of not less than two members of such grand jury, or by verified information of the State's attorney or Attorney General in certain cases. (*People* v. *Leinecke,* 290 Ill. 560; *People* v. *Clark,* 280 id. 160; *Housh*

v. *People,* 75 id. 487; also, Smith's Stat. 1931, chap. 38, pars. 662, 664, 711, 721.) The only exceptions to these requirements arise in cases where the arrest or seizure is made by an officer in whose presence the crime is committed or who has reasonable ground for believing that the person arrested was implicated in the commission of a crime, (*People* v. *Caruso,* 339 Ill. 258; *People* v. *Swift,* 319 id. 359; *Lynn* v. *People,* 170 id. 527; *North* v. *People,* 139 id. 81;) and even then a sworn complaint or indictment must follow before the court can take jurisdiction. In the early case of *Board of Trustees* v. *Schroeder,* 58 Ill. 353, this court said: "All rightful imprisonment is the sentence or act of the law, and that sentence must be reached through the proceeding appointed by the law. Despotic or absolute power in every form is prohibited by our constitution."

It is argued on behalf of respondent in his counter-suggestions that Judge Feinberg was sitting as an examining magistrate, and that as such examining magistrate he had authority to enter the order committing relator to jail. A judge of the circuit court may sit as an examining magistrate as a justice of the peace may do, but neither a justice of the peace nor a judge of any court has a right to examine and commit a person on such examiner's own motion and without a sworn complaint against such person. None of the cases cited hold a contrary view.

As was pointed out in *People* v. *Clark, supra,* so the order here entered was without basis in law and violates the plain provisions of section 6 of article 2 of our constitution. The judge was entirely without jurisdiction to enter such order, and it is void.

The motion for the discharge of the relator is allowed.

*Relator discharged.*