## PETE HAMIL v. STATE.

No. A-1330.   Opinion Filed September 21, 1912.

(126 Pac. 591.)

**EVIDENCE**—Sufficiency.   To sustain a conviction of crime, each and every material element must be supported by the evidence.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Pete Hamil was convicted of violating the prohibitory law, and appeals.   Reversed.

*Lee F. Wilson* and *E. G. Wilson,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen. (*R. E. Gish,* of counsel), for the State.

DOYLE, J.   Plaintiff in error, Pete Hamil, was convicted in the county court of Oklahoma county, and sentenced to serve a term of six months in the county jail and to pay a fine of $500, on an information which jointly charged that:

"H. F. Blalock and Pete Hamil did in Oklahoma county, and in the state of Oklahoma on the 19th day of April, in the year of our Lord, A. D. 1911, commit the crime of having intoxicating liquors in their possession unlawfully, in manner and form as follows:   That said defendants did on the day and year in the county and state aforesaid have in their possession, unlawfully, intoxicating liquors, to wit, whisky and beer, with the intent and purpose on the part of said defendants, to sell, barter, give away, and otherwise furnish the same to parties unknown, in violation of the law, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.

"SAM HOOKER, County Attorney."

It is claimed that the evidence is insufficient to support the verdict, in that there is no evidence tending to show that this defendant had in his possession intoxicating liquors.   The testimony on the part of the state is substantially as follows:

The first witness, J. C. Gilmore, testified that on April 19, 1911, he went to Dan Phillips' barn, at No. 107 West California, and there bought two half pint bottles of whisky from the co-defendant, H. F. Blalock.

The second witness called by the state was the codefendant, H. F. Blalock, who testified that he had known the defendant for five or six months; that Hamil lived in the country, and he there worked five days for him, and sold a little whisky; and that he worked for Dan Phillips at the livery stable, 107 West California, for about two months. His testimony taken from the transcript is as follows:

"Q. Now, do you recall the instance of the officers coming down to 107 West California street on the 19th day of April, 1911? A. Yes, sir. Q. Did you have any transactions with those officers? A. Yes, sir. Q. Who directed you, if any one, to sell that whisky? A. Mr. Hamil. Q. Where did you get the whisky? A. Back in the back part of the establishment. Q. Was there any other whisky there? A. I did not see any more. Q. Just these two half pint bottles? A. Yes, sir. Q. What did Mr. Hamil say with reference to that? A. When they came down, he was laying down on the bed, and told or asked me to wait on them, and I went back and waited on them. Q. What did you get for doing that? Did you get any money for selling them that whisky? A. No, sir; not a thing."

Cross-examined, he said he worked for the defendant about the 1st of February; that at the time of this transaction he was not in his employ; that he was working for Dan Phillips in the barn at that time.

This was all the evidence introduced tending to show possession on the part of the defendant Hamil. It is our opinion that the testimony of the witness H. F. Blalock, who turned what is termed "state's evidence," and testified in effect that he sold the whisky to the witness Gilmore because this defendant told him to, furnishes no proof of possession on the part of this defendant. His statement is a mere self-serving declaration. He does not testify that this defendant gave him the whisky to sell, or that at the time he was working for this defendant, or that he gave this defendant the money he received for it. His testimony that, when he worked for the defendant in the country,

he sold whisky for him, was improperly admitted, as there is no proof that the defendant's home was in Oklahoma county, and it is undisputed that this witness was in charge of Mr. Phillips' barn in Oklahoma City, where he sold the whisky.

To sustain a conviction of crime, each and every material element must be supported by the evidence. The testimony in this case might be sufficient to support a conviction of the defendant on a charge of selling, but that is not the offense here charged. For this reason we conclude that there is not sufficient evidence to sustain a conviction.

Reversed and remanded.

FURMAN, P. J., and ARMSTRONG, J., concur.