PEOPLE *v.* MULLIS.

1. RECEIVING STOLEN GOODS — CRIMINAL LAW — INSTRUCTIONS — TRIAL.

In a prosecution for receiving stolen property, an instruction by the court that the place "where the offense was committed" was not in dispute, was not prejudicial error because he failed to use the word "alleged" before the word "offense."

2. SAME—QUESTION OF LAW.

Undisputed testimony of a witness that he stole the goods defendant was charged with receiving, justified the trial court in instructing the jury that there was no dispute that they were stolen.

3. SAME.

Defendant having testified that the stolen goods were worth over $25, and there being no testimony to the contrary,

the court was not in error in instructing the jury that it was admitted that the value was over $25.

4. SAME—GUILTY KNOWLEDGE.

On the question of guilty knowledge of defendant, the court was not in error in charging the jury that "His possession must be regarded as innocent, unless shown to have been received with knowledge that they were stolen, or under circumstances which would satisfy the jury that he believed them to be stolen."

Error to superior court of Grand Rapids; Brown, J., presiding. Submitted January 17, 1918. (Docket No. 191.) Decided March 27, 1918.

Sam Mullis was convicted of receiving stolen goods and sentenced to imprisonment for not less than six months nor more than five years in the State reformatory at Ionia. Affirmed.

*Herman & Johnson,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney, and *Fred P. Geib,* Assistant Prosecuting Attorney, for the people.

KUHN, J. The respondent was convicted on an information which charged that he did, on the 21st day of February, 1917, in the city of Grand Rapids, receive eight automobile tires, of the value of $108, which had previously been stolen, and that he well knew at the time that the goods had been stolen. One Miller Burleigh had previously pleaded guilty to the larceny of the tires which he had sold to the respondent, and appeared as a witness for the people in this case. Sentence was pronounced.

The questions raised by the assignments of error relate entirely to the charge of the court, and, in general, it is the claim of the respondent that the charge of the court was so prejudicial to the rights of the respondent that he did not have a fair trial, and that,

therefore, his conviction should be set aside and a new trial granted.

Counsel for the respondent state their position as follows:

"By the various assignments of error in this case we have sought to point out various specific instances wherein the court erred. While any one of the assignments, considered alone, might not be of sufficient importance to warrant the vacating of the verdict, still we are fully convinced that all of them, considered as a whole, will bring this court to an irresistible conclusion that this respondent was denied a fair and impartial trial."

The court, at the beginning of its charge, said:

"The elements which constitute this offense are, first: You establish the place where the offense was committed. That was in the city of Grand Rapids and is not disputed."

It is claimed that this was grievous and prejudicial error on the part of the court, in that the court failed to use the word "alleged" before the word "offense," and that in effect the court, in its opinion, was stating to the jury that the crime had been committed. However, a reading of the excerpt clearly shows that the court was referring to the place of the crime as one of the elements necessary to be proven, and stated that this was undisputed. As it clearly appears from the record that there was no dispute that the crime, if committed, took place in Grand Rapids, we see no prejevidence showed beyond a reasonable doubt that the the court.

Again the court said:

"The tires in question were stolen. Under the testimony in this case and under the admission of counsel, there is no dispute about that, that these tires were stolen by Burleigh."

It is the contention of counsel for appellant that the

court should have left it to the jury to find whether the udicial harm to the respondent in the language of tires were stolen. That they were stolen is shown by Burleigh, the man who pleaded guilty to the larceny, and no contention was made by the respondent, or any witness, that this was not the fact. It being an undisputed fact, we do not see how it can be said to be reversible error for the court to have so instructed the jury.

The court further said:

"That they were of the value of over twenty-five dollars. That is also admitted by the defense in this case. Ordinarily as to whether or not the value is over twenty-five dollars, or twenty-five dollars or less, becomes an important issue in a case, but in this case the tires are admitted to be of the value of over twenty-five dollars at the time, so there is no dispute about that."

Again the record is very clear, according to the undisputed evidence, that the tires were worth over $25. No testimony is referred to by counsel for appellant to justify the claim that there was any evidence that the value of the tires was $25, or less than that amount. In fact, the respondent himself testified that they were worth over $25. We are therefore of the opinion that there was no prejudicial error in charging the jury as the court did with reference to the value of the tires.

The court, after stating the elements of the offense, limited the issue to the single question of guilty knowledge, and the court proceeded to explain what established guilty knowledge, as follows:

"So there may be some question in your minds as to what establishes knowledge. When can you be said to know a thing, and when don't you know it? That is a matter that receives a great deal of attention, but in this case of *Durant* v. *People*, 13 Mich. 353, I think is a definition that I have just read: 'Her possession

must be regarded as innocent, unless shown to have been received with knowledge that they were stolen, or under circumstances which would satisfy the jury that she believed them to be stolen.' "

We see no error in this, as the court followed the language in the case referred to, which decision justified the use of the language criticized by respondent's counsel.

A reading of the charge shows that the court fully explained to the jury the necessity of the people proving their claim beyond a reasonable doubt, the presumption of innocence, that the burden of proof rested upon the people and continued upon the people throughout the trial, that the jury were at liberty to disregard the testimony of any witness that had sworn falsely upon any material fact, and that the jury were the sole judges of the evidence.

The respondent had a fair trial, and none of the assignments of error satisfies us that prejudicial error was committed by the court in his charge submitting the case to the jury. The conviction and judgment of the court must therefore be affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.