## ROSS MULLINS v. STATE.

No. A-2779.    Opinion Filed December 28, 1918.

(176 Pac. 765.)

1. **RECEIVING STOLEN GOODS — Conviction — Knowledge.** To sustain a conviction of receiving property recently stolen, knowing it to have been stolen, it must be shown by direct or circumstantial evidence, beyond a reasonable doubt, that at the time defendant received such property he knew it had been stolen.

2. **TRIAL—Proof of Elements of Crime—Directed Verdict.** When the evidence fails to show every essential element of a crime charged, the court, on proper motion, should direct a verdict for defendant.

*Appeal from District Court, Garvin County;*
*F. B. Swank, Judge.*

Ross Mullins was convicted of receiving stolen goods, and he appeals. Reversed and remanded, with instructions.

*Stanley & Osborn,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Ross Mullins, hereinafter called defendant, was informed against in the district court of Garvin county for the offense of "feloniously and fraudulently receiving property that had been stolen, knowing that the same had been stolen," convicted, and sentenced to serve 18 months in the State Reformatory at Granite, Okla. The defendant's motion for a new trial being overruled, he brings error to this court.

The uncontradicted evidence is that, among other things, a pair of boots were stolen from a store in Lindsay, in the county of Garvin, by one Searcy Hawkins; that said Hawkins carried said pair of boots to the home of the defendant's father in said county, where the defendant, a boy of 18 years of age, resided; that the sheriff of said county, under a search warrant, searched the home of defendant's father, and found the stolen boots in the bottom of a box containing meal, with which the boots were covered, which box was in the kitchen of defendant's father; that when the boots were found defendant claimed that the boots belonged to him, "that he had bought them from Searcy Hawkins and paid $5 for them," and defendant was then asked by the sheriff, why he, the defendant, had not told this before, and the defendant gave as his reason therefor that "he did not want to lose the boots." Searcy Hawkins, who was at the time serving sentence in the penitentiary, testified that, after stealing two pairs of boots from a store in Lindsay, he carried these boots to the home of the defendant's father, where he (witness) spent a day and night; that the boots laid around the house and were tried on by several persons at the house; that one pair of boots were sold; that he did not know what became of the other pair; that he did not know whether or not the defendant knew that the boots had been stolen; that he did not know

that he knew the defendant; that he could not say that he had ever seen him before; that he had never sold or given the defendant any boots.

There is no evidence, or evidence from which a reasonable inference might be drawn, that the defendant at the time he got the boots knew that the boots had been stolen.

The foregoing being substantially all the material evidence, at its conclusion the defendant requested the court to instruct the jury to find the defendant not guilty, which the court refused to do, and to such action of the court the defendant duly excepted.

We deem it unnecessary to review any of the several errors assigned other than the refusal of the court to instruct the jury to acquit the defendant.

Evidence of the unexplained possession of property recently stolen is not of itself sufficient to sustain a conviction. Defendant could not be legally convicted of receiving the boots knowing them to be stolen, unless he knew at the time he received them, or had reason to believe, that the boots were stolen. *State v. Rountree,* 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833; 34 Cyc. 515, and authorities there cited.

The want of evidence, direct or circumstantial, showing beyond a reasonable doubt that the defendant knew at the time he bought or received the boots which were stolen that the same had been stolen, is fatal to a conviction in this case, as section 2664, Rev. Laws 1910, requires the defendant to have received the property wth knowledge at the time he received it that such property had been stolen, and the court committed prejudicial error in refusing to instruct the jury to find the defendant not guilty.

·It may be that the hiding of the boots in the box of meal is sufficient to raise a suspicion that the defendant had knowledge of the theft when he received the boots. Suspicion is not proof, and to sustain a conviction of crime every material element thereof must be supported by evidence. *Hamil v. State,* 8 Okla. Cr. 119, 126 Pac. 591.

This case is reversed and remanded, with instructions to proceed in another trial in accord with the views expressed in this opinion.

DOYLE, P. J., and MATSON, J., concur.