## ELMER McDANIEL v. STATE.

No. A-4269. Opinion Filed April 10. 1926.
Rehearing Denied Dec. 4, 1926.
(250 Pac. 804.)

John Sykes, J. P. Evers, and F. F. Nelson, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton and N. W. Gore, Asst. Attys. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county on a charge of receiving stolen property and sentenced to serve a term of two years in the state penitentiary.

The evidence briefly stated discloses that on March 18, 1919, one D. H. Wade, residing at Jenks, lost a Ford roadster which had been used for about one year. About a month later he discovered the car parked at West Tulsa, and with a police officer waited until one Rector came to drive it away, and they interposed and asked as to how he came in possession of it. He informed them that he had purchased it from one Baker. They then went with Rector to Baker, and inquired where he got the car, and he informed them that he had purchased it from defendant. They thereupon went to defendant, and he informed them that he had purchased it from one Pardon or Parten, who lived at or near Dawson. Defendant had a bill of sale which he showed them at the time of his arrest, which, however, bore date one day before the automobile in question was stolen. Also the numbers on the engine of the car had been mutilated. He was then arrested, but was not tried until November 4, 1921. The state proved the facts above set out; the defendant offered no evidence and did not take the stand.

Only two assignments of error are argued in the

Upon the first assignment it is argued that there is brief of defendant: First, that the evidence is insufficient to sustain the judgment; second, that the county attorney in his argument commented on the fact that the defendant did not testify.

no evidence that the defendant knowingly received stolen property; that at most the evidence raises only a suspicion of guilt. The statute under which the defendant was prosecuted (section 2113, Comp. St. 1921), defines the crime of receiving stolen property. The possession of property recently stolen, where the charge is receiving as well as in a case where the charge is larceny, is a circumstance for the jury to take into consideration along with the other facts and circumstances in the case; among which are the nearness or remoteness of the possession to the receiving or the larceny, the nature of the property as passing readily from hand to hand or not, and the explanation, if any, made by the accused as to his possession, the concealment or alteration of the property to prevent identification, and such other circumstances as would reasonably influence the jury. Cox v. Territory, 2 Okla. Cr. 668, 104 P. 378; Mullins v. State, 15 Okla. Cr. 347, 176 P. 765. Knowledge ordinarily is not capable of being proven by direct and positive evidence, but must generally be proven by circumstances. The possession of stolen property, with other incriminating circumstances, may be sufficient to convict. Gunter v. State. 17 Okla. Cr. 404, 189 P. 200.

Here the defendant very shortly after the larceny had possession of the stolen automobile. The numbers of it had been altered, evidently to prevent identification. When apprehended, the defendant produced a bill of sale dated a day prior to the larceny of the car. He claimed to have purchased the car in a nearby vil-

lage, and, although the case did not go to trial for two years, at the time of the trial he neither produced the person from whom he claimed he got the car nor accounted for his failure to do so. He did not take the stand to explain the circumstances connected with his possession, but stood on the contention that the state had not shown that at the time he acquired possession he had knowledge that the car was stolen. If he is willing to rest his case on this state of the record without any explanation, he must abide the inferences arising from it. The evidence of possession and the incriminating circumstances shown are sufficient to sustain the judgment.

Upon the second assignment it is contended that the county attorney in the closing argument committed prejudicial error in commenting on the fact that the defendant had not offered any evidence. The record does not contain the argument of counsel except the closing argument of the county attorney. In the course of that argument he refers to the argument of counsel for the defendant, wherein apparently he had criticized the state's witnesses, and had argued that their testimony was not worthy of credence, and, in reference to the testimony of one witness as to the names signed to the bill of sale, said:

"* * * And he told you that that name was spell-either P-a-r-d-o-n or P-a-r-t-e-n. That is his testimony, and that is uncontradicted. No one attempts to dispute it except counsel in this case.

"Mr. Evers: Except to the remarks of counsel for the state in saying the undisputed—nobody attempts to dispute it except counsel in this case.

"Mr. Goldsberry: The other witnesses in this case testify that McDaniel told him that he bought the automobile from Sam Hardin. He did not see the bill of sale at the police station down there that night, nor

any one else that has testified in this case except Mr. Wade, and Mr. Wade tells you what name was on that bill of sale, Pardon or Parten, and that is undisputed in this case.

"Mr. Evers: I object to the words 'undisputed in this case,' and ask the court to admonish the jury.

"Mr. Goldsberry: By any one who has testified in this trial.

"Mr. Evers: And ask the court to admonish counsel about the argument, referring to no one that has testified in this matter except from the logical deduction from his own testimony.

"The Court: What?

"Mr. Goldsberry: I think that is a matter of fact in this case.

"The Court: I think so; the jury remembers the evidence. I think counsel is within his province.

"Mr. Evers: My objection is he has got no right by inference or otherwise to call the attention to the fact that there is no evidence introduced by the defendant.

"Mr. Goldsberry: I haven't said a word, and I challenge the record; there is other evidence in this case except what the defendant has introduced in this case.

"The Court: All right.

"Mr. Goldsberry: I have not; never uttered the defendant's name in this case with reference to that matter.

"Mr. Evers: Exception. * * *"

It is a violation of the statute for counsel for the state to comment on the fact that a defendant has not testified. Section 2698, Comp. Stat. 1921. This statute may not be violated either in letter or spirit. Nor was it violated in this case. The objection of defendant to the argument is without merit, and the comment

that the argument referred to the failure of the defendant to testify, if such inference may be said to have arisen, was injected by defendant's counsel.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.