Argued May 20, affirmed September 10, 1964

## STATE OF OREGON *v.* MILLER
### 395 P. 2d 159

*Richard D. Curtis,* Eugene, argued the cause and filed a brief for appellant.

*Mitchell Karaman,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney, Eugene.

412

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

DENECKE, J.

The defendant was found guilty by the court, sitting without a jury, of the crime of being a convicted felon in possession of a concealed weapon. The only ground of appeal is that there is insufficient evidence to support a finding of guilty.

ORS 166.270 provides:

> "Any unnaturalized foreign-born person or any person who has been convicted of a felony against the person or property of another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, *or has in his possession or under his custody or control* any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years." (Emphasis added.)

It was stipulated that the defendant previously had been convicted of a felony against the person or property of another. The weapons involved were capable of being concealed upon the person. The sole issue is whether the defendant had such weapons "in his possession or under his custody or control."

The trier of fact could have found the facts to be as follows: The defendant drove his brother-in-law's car from defendant's home in California to Oakridge, Oregon, a distance of 300 or 400 miles. Defendant was accompanied by Hart, an acquaintance of some years, and Nichols, a very recent acquaintance. The stated

purpose of the trip was to get work or to visit relatives.

About 50 miles before Oakridge Nichols got out of the car. The testimony of why he got out and what transpired shortly after he got out is contradictory and vague. The state police understood Nichols to accuse Hart and the defendant of "rolling" him. For this reason state patrolmen were radioed to stop Hart and defendant Miller.

An officer stopped the car at Oakridge. After Miller and Hart got out, the officer shined his light inside the car and saw the butt of a revolver sticking out from under the front seat, on the passenger's side. The weapon was loaded. On looking under the seat, he found a loaded pistol, near the middle but slightly on the passenger's side. The butt of the pistol was toward the front of the car and the safety was off. A third loaded weapon was found in the glove compartment.

The officer also saw "a mask that was silk hose with a knot in it," and two left-hand rubber gloves, all lying in the middle of the front seat.

The defendant testified that he did not know the weapons were in the car. Hart stated that he brought the weapons with the intention of selling them and that they were never exhibited to the defendant or discussed with him.

■ Knowledge by the driver of a car that there are concealable weapons in the car, available for the driver's use, is evidence of possession, custody or control of such weapons. In *Commonwealth v. Whitman,* 199 Pa Super 631, 186 A2d 632 (1963), it was held that a defendant passenger's knowledge of the presence of weapons in the car was sufficient to convict such passenger of possession of concealed weapons.

We hold that there is adequate circumstantial evidence from which the court could find that Miller had knowledge of the weapons, and thus was in "possession * * * custody or control" of such weapons.

The long time during which defendant had been present in and operating the car, the obviousness of the revolver which was sticking out from under the front seat, and the presence of the weapon in the glove compartment, are particularly strong circumstantial evidence supporting the inference of knowledge.

New York has a statute providing that the mere presence in an automobile of a concealed weapon creates a presumption of possession by all occupants of the car. That statute was held constitutional. *People v. Russo,* 278 App Div 98, 103 NYS2d 603, aff'd 303 NY 673, 102 NE2d 834 (1951).

Cases reaching a result seemingly contrary to our present decision and the above-cited cases may be distinguished by the wording of the particular concealed weapons statute. For example, *People v. Liss,* 406 Ill 419, 94 NE2d 320 (1950), involved an Illinois statute prohibiting concealment of a weapon "on or about his person." That decision held there was insufficient evidence to convict.

We hold that under the Oregon statute the evidence was sufficient to support the conviction.

Judgment affirmed.