Argued January 6, reversed and remanded June 3, 1966

# STATE OF OREGON *v.* LONG
## 415 P. 2d 171

*Donald R. Crane,* Klamath Falls, argued the cause for appellant. On the brief were David R. Vandenberg, Jr., and Riney J. Seeger, Klamath Falls.

*Sam A. McKeen,* District Attorney, Klamath Falls, argued the cause for respondent. With him on the brief was Harry D. Lewis, Deputy District Attorney, Klamath Falls.

Before McAllister, Chief Justice, and Perry, Denecke, Holman and Schwab, Justices.

McALLISTER, C. J.

The defendant, Wendell Floyd Long, and one Edward Romero were jointly indicted in Klamath county of the crime of concealing stolen property. Defendant was tried separately, found guilty and sentenced to a two-year term in the penitentiary, from which he appeals.

Defendant assigns as error the denial of his motion for a judgment of acquittal. The motion was made

after the state had rested and the defendant also had rested without presenting any evidence in his defense. This assignment challenges the sufficiency of the evidence to support the verdict, and requires a review of the evidence in the light most favorable to the state. *State v. Fichter,* 226 Or 526, 527, 360 P2d 278 (1961); *State v. Rosser,* 162 Or 293, 340, 341, 86 P2d 441, 87 P2d 783, 91 P2d 295 (1939).

The defendant Long was apprehended by city police officers at 2:34 a. m., on April 8, 1965, on Main Street in Klamath Falls. Long had been riding in the front seat of an automobile driven by his co-defendant, Romero. The automobile belonged to Jeannette Mairs, from whom it had been borrowed by Romero. Long had been under observation by the officers only for about four minutes while they were following the automobile immediately before it was stopped. At the scene one of the officers asked Long for some identification, and Long handed him, without comment, a "liquor card" bearing the name Joe Skaggs. The officers, with the permission of Romero, searched the vehicle and found partially concealed under the front seat a sledge hammer and a crowbar. The charge against defendant of concealing stolen property is based on his presence in the car containing the sledge and crowbar.

The state introduced convincing evidence that the sledge and crowbar had been stolen in Klamath Falls on April 3, 1965 from one Lawrence, and that both tools had been used in an attempt to break into the Lucas Furniture Store in Klamath Falls about an hour before defendant was apprehended, and that at about the same time the Medo-Bel Dairy had also been broken into, although there was no evidence that these tools had been used at the break-in of the dairy.

We need not consider whether Long's presence in the automobile, which he did not own and was not operating, was sufficient evidence to support a finding that he was in possession of the tools therein. For cases bearing on that question see *State v. Miller,* 238 Or 411, 395 P2d 159 (1964); *Commonwealth v. Whitman,* 199 Pa Super 631, 186 A2d 632 (1963).

■ Assuming sufficient evidence of possession, the crucial question is whether Long knew the tools were stolen. The statute ORS 165.045 proscribes the concealing of stolen property: "knowing or having good reason to believe that it was stolen." As this court said in *State v. Stacey,* 153 Or 449, 455, 56 P2d 1152 (1936), "guilty knowledge is the gravamen or substance of the offense." There is no evidence in this record that either Long or Romero knew or had reason to believe that the sledge and crowbar were stolen. The state offered no such evidence, but relied solely on the proof that the tools had been stolen and the further proof that the tools had been used in the attempted burglary of the Lucas Furniture Store.

■ In prosecutions for larceny it is the general rule that the unexplained possession of recently stolen goods raises an inference that the goods were stolen by the possessor. *State of Oregon v. Black,* 193 Or 295, 314, 236 P2d 326 (1951); *State v. Williams,* 102 Or 305, 312, 202 P 428 (1921), and earlier cases there cited. But even in prosecutions for larceny, an inference of guilt is warranted only if the possession was personal and involved "a distinct and conscious assertion of possession by the accused." *State v. Moss,* 95 Or 616, 626, et seq., 182 P 149, 188 P 702 (1920); *State v. Williams,* supra, 102 Or at 312, 202 P 428.

■ In prosecutions for receiving or concealing stolen

goods, however, the weight of authority, and we think the better view, holds that mere possession of recently stolen goods is not sufficient to prove guilty knowledge, in the absence of other proof that the accused knew or had reason to know that the goods were stolen. *People v. Brooks,* 340 Ill 74, 172 NE 29 (1930); *People v. Lardner,* 296 Ill 190, 129 NE 697 (1920); *Bowers v. State,* 196 Ind 4, 146 NE 818 (1925); *State v. Rock,* 162 La 299, 110 So 482 (1926); *People v. Mullis,* 200 Mich 505, 166 NW 859 (1918); *Durant v. People,* 13 Mich 351 (1865); *Crowell v. State,* 195 Miss 427, 15 So2d 508 (1943); *State v. Day,* 339 Mo 74, 95 SW2d 1183 (1936); *State v. Richmond,* 186 Mo 71, 84 SW 880 (1904); *State v. Neill,* 244 NC 252, 93 SE2d 155 (1956); *Mullins v. State,* 15 Okla Cr 347, 176 P 765 (1918); Annot. 68 ALR 187 (1930). The reason for the rule is convincingly stated by the Supreme Court of Missouri in *State v. Richmond,* supra, 84 SW at 882-883, as follows:

"* * * Proof of the possession of stolen property is, of course, competent and essential to substantiate the charge; but the naked possession without proof that the defendant received the goods knowing they had been stolen will not sustain the charge. The very essence of the offense is the receiving knowing them to have been stolen. If the presumption is to be indulged that every person found in possession of stolen goods knows them to be stolen, the state would be relieved of establishing the guilty knowledge, and the burden thrown on the defendant of establishing his innocence. * * *"

Cases holding to the contrary include *Baker v. State,* 35 Ala App 596, 51 So2d 376 (1951); *Bowser v. State,* 194 Ark 182, 106 SW2d 176 (1937); *Fisk v. State,* 138 Fla 815, 190 So 10 (1939); *State v. Giordano,*

121 NJ Law 469, 3 A2d 290 (1939); but we decline to follow the rule announced therein.

■■■■ In this case the state contends only that the jury could infer that Long had used the tools earlier in the morning to attempt a burglary, and from that could infer also that he knew the tools were stolen. For aught this record discloses, however, Long may have assumed the tools belonged to Romero, or were loaned to Romero with the car. Long could have committed numerous burglaries with these tools without knowing whether they were stolen, or acquired legitimately by Romero. Guilt cannot be proved by speculation. If the state elects to charge a specific crime, it must offer competent evidence to prove all the elements of that crime. This it has failed to do.

The judgment is reversed and remanded for the entry of a judgment of acquittal.