Argued November 4, 1966, affirmed January 18, 1967

# STATE OF OREGON *v.* JOHNNY LEE SMITH

### 422 P. 2d 576

*George A. Haslett, Jr.,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

The defendant has appealed from a conviction of the crime of receiving and concealing stolen goods.

In the defendant's brief error was assigned to the giving of the following instruction:

"There is evidence in this case that the defendant has formerlly (sic) been convicted of a crime. You are instructed that you may take into consideration this fact in determining the credit to be given to the testimony of the witness. It is only for this purpose that such evidence was received or allowed in evidence."

■ There was no evidence that the defendant had been convicted of a crime and the state conceded in its brief and at the oral argument that the instruction was error, but contended that the error should be disregarded because the defendant had taken no exception. Six days after the oral argument, however, and while the case was under advisement, the state filed a motion, supported by the affidavit of the court reporter who reported the case, to correct the record by changing the word "defendant" in the first sentence of the above-quoted instruction to the word

"witness." No opposition to this motion was filed by the defendant. ORS 19.108 (1) provides:

> "When it appears to the Supreme Court that the record is erroneous or incomplete in any particular substantially affecting the merits of the appeal, on motion of a party or on its own motion the court may make such order to *correct* or supplement the record as may be just or may dismiss the appeal if the error or omission is without reasonable excuse." (Italics added.)

Acting under the authority of this section, we remanded the case to the circuit court for the determination of such motion and resettlement of the transcript if the circuit court should find it incorrect in the particular claimed. We have now received from the circuit court an order finding that the word "defendant" in the instruction should be "witness" and reciting that both parties assented to such finding. The transcript shows that a witness for the defendant had been convicted of a crime. Attached to the court reporter's affidavit is a photocopy of his stenotype notes and his transcription of them, which discloses that the court said in the instruction: "There is evidence in this case that *a witness* has formerly been convicted of a crime." (Italics added.) This we find to be the correct reading of the sentence. In view of the foregoing, the assignment of error is, of course, no longer before us.

The only other claim of error is directed to the court's denial of defendant's motion for a directed verdict of acquittal, made at the close of the state's case in chief, and based on the ground that there was no evidence that the defendant was in possession of the stolen property, alleged in the indictment to be two General Electric television receivers, or that he received or concealed such property.

■ There was evidence of the following facts: The television receivers were stolen in the burglary of a radio and television shop in Portland on May 16, 1965. The burglary was discovered by a Portland police officer at about 10 p. m. of that day. Another police officer, Sergeant Smith, who was called to the scene about the same time, testified, in substance: While he was behind the television shop in the course of his investigation of the burglary, he observed an automoible in a parking lot to the rear of an apartment house in the same block about 100 feet away. The dome light in the automobile went on and the officer proceeded toward it on foot; when he reached the parking lot the automobile began to back away. He turned his flashlight on it, announced that it was the police and called to the driver to stop, but the automobile continued to back up, increased its speed, and struck a retaining wall alongside a driveway leading to the street; the automobile then came forward, backed up again, and again struck the retaining wall; when it started to come forward again Smith drew his revolver and the driver then obeyed his order to stop. The driver was the defendant. Seated next to him were a man and woman who gave their names as Mr. and Mrs. Smith and in the back seat were John Eugene Edwards and Silas Mickey Williams, who were afterwards indicted along with the defendant. One of the television sets was on the seat between these two men and the other on the floor. The defendant took the stand and testified that he had been visiting a friend in the apartment house, that Williams came to the apartment and asked him to take him for a ride and he agreed to do so, that Williams left the apartment house before he did and that when the defendant got to the car Williams and Edwards were already in it.

He denied that he had any knowledge that the television sets were in the car until after he was stopped by the police. His testimony in this regard was contradicted by his own witness, Williams, who testified that when he and Edwards were putting the television sets in the car the defendant was standing "on the other side of the car." Although this evidence came in as a part of the defendant's case and after he had moved for a directed verdict, it is, nevertheless, to be considered by this court in determining whether the evidence was sufficient to take the case to the jury: *State v. Meidel,* 241 Or 367, 370, 405 P2d 844.

■ From a consideration of all the evidence in the case, we are of the opinion that the jury were justified in finding that the defendant knew the television sets were in the car, that he was in possession of them, and received or concealed them, knowing them to have been stolen: *State v. Miller,* 238 Or 411, 395 P2d 159; *State v. Meidel,* supra.

The judgment is affirmed.