Argued January 19, affirmed February 5, 1970

STATE OF OREGON, *Respondent,*
*v.* WILLIAM R. NIPPER, *Appellant.*

464 P. 2d 835

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

## BRANCHFIELD, J.

█ Defendant appeals from a judgment of conviction of the crime of second degree murder. He contends that the evidence was insufficient to support the jury's verdict.

The testimony at defendant's trial indicated that on the afternoon of June 22, 1968, he approached a street corner upon which the decedent, Eola Bedford, his former wife, and one Mrs. Lola Vaughn, stood while awaiting a city bus. The defendant attempted to talk to Mrs. Bedford, but she stated that she had nothing to say to him. When Mrs. Vaughn tried to intervene, the defendant drew a gun from under his sweater, pointed it at her, and told her to move away. The defendant then shot Mrs. Bedford in the hand and she fell. As she was lying on the ground, he shot her in the chest at point blank range. The latter wound was fatal.

The defendant testified that he knew from a previous experience that Eola Bedford carried a loaded gun and an ice pick in her purse, and that he shot her in self-defense. The defendant now argues, based only on his own testimony, which was at variance from that of disinterested witnesses, that the trial court erred by not directing a verdict for the defendant on its own motion.

██ When the sufficiency of the evidence to sustain a verdict is challenged, it is not this court's function to re-examine the evidence or the logic with which it was construed, but only to decide whether there is any evi-

dence sufficient to sustain it. *State v. Harris,* 241 Or 224, 405 P2d 492 (1965). A jury's verdict will not be disturbed unless the court can affirmatively say that there was no substantial evidence to support it. *State v. Yates,* 239 Or 596, 398 P2d 161 (1965); and *State v. Hambleton,* 238 Or 79, 390 P2d 184 (1964).

The trial court did not err when it submitted the case to the jury. The judgment is affirmed.