Argued March 18, affirmed April 16, petition for rehearing
denied May 12, 1970. Petition for review denied by
Supreme Court June 23, 1970

STATE OF OREGON, *Respondent, v.*
GERALD DREW MILLER,
*Appellant.*
467 P2d 973

Ken C. Hadley, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Defendant, Gerald Miller, appeals from a conviction by a jury of armed robbery. ORS 163.280.

Defendant's brother, Ronald Miller, was identified as an armed robber who held up the clerk in a Plaid Pantry store. An acquaintance of the defendant testified that she and her husband went to the store on the evening of the robbery. As her husband approached the store, she saw defendant, who she positively identified, standing outside. She saw defendant wave, possibly indicating her husband's presence to someone inside the store, and the man later identified as Ronald Miller, with a bag and a gun in his hands, came through the door as her husband opened it. He and defendant walked rapidly away together. Her husband's testimony corroborated the details of her account. The defendant did not put on a case.

Defendant assigns as error the court's instructions: (1) that witnesses are presumed to speak the truth;

(2) that the jury "must" infer that a pistol was loaded;
(3) that 10 or more of the jury could find a verdict;
and (4) that the court should have directed a verdict
for defendant.

■ (1) The court's instructions on the presumption
of truth as to testimony of witnesses were even more
complete than those approved in *State v. Kessler*, 254
Or 124, 458 P2d 432 (1969), where error was claimed
for a similar instruction and the court denied relief.

■ (2) The original transcript showed that the
court had instructed that the jury must infer a pistol
used in a robbery was loaded, but the transcript was
corrected, and, as it has now been submitted, it clearly
shows that the instruction actually given was that the
jury "may" so infer. The assignment is, therefore, no
longer viable. *State v. Smith,* 245 Or 461, 463, 422 P2d
576 (1967).

■ (3) *State v. Gann,* 254 Or 549, 463 P2d 570
(1969), rejects defendant's contention that a jury
verdict in a criminal case in Oregon must be unani-
mous.

■ (4) Two witnesses, one of whom was well-ac-
quainted with defendant, identified defendant as be-
ing outside the store while the robbery was in progress,
the one who knew defendant saw him wave in such a
way that from her testimony the jury could infer it
was a signal to the robber inside, and she saw defend-
ant and the robber walk rapidly away from the scene
together.

From this evidence, the jury could draw the infer-
ence that defendant was an accomplice in the robbery
and responsible as a principal therein. ORS 161.220;

*State v. Jones,* 249 Or 601, 439 P2d 887 (1968). It would have been error for the court to direct a verdict for defendant.

Affirmed.