Submitted on record and briefs January 26,
reversed and remanded May 7, 1970

## STATE OF OREGON, *Respondent, v.*
## ANDREW EDWARD SHIPMAN, *Appellant.*

468 P2d 921

Howard R. Lonergan, Portland, filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

Defendant was convicted in 1966 of the crime of receiving and concealing stolen property. His retained counsel failed to file a notice of appeal. In a subsequent post-conviction proceeding the trial court ordered that the defendant be allowed to file a delayed appeal. That judgment was affirmed in *Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969). This case is now before us on the appeal from the conviction.

At approximately 7:30 a.m. on February 2, 1966, a deputy sheriff saw the defendant and two other young men chopping on some automobile radiators with axes in front of the premises of a junk company. The of-

ficer drove past the scene, then turned and came back. The officer talked to the three persons, inquiring as to where they had obtained the radiators. All three professed ignorance as to the source of the radiators and all three disclaimed ownership. The only information given to the officer by any of them was that they were desirous of selling the copper cores of the radiators. The officer took possession of the radiators. It subsequently developed that they had been stolen a few hours earlier. There was evidence that a fourth person, (the driver of the car), unnoticed by the officer, had walked away when the officer arrived.

The testimony showed that three persons went to the defendant's house and asked him to join them on the morning in question. They told him that Mike, the driver, wanted to repay money owing to him. When the defendant entered the car, all four men sat in the front seat because the back seat had been removed and the area was occupied by ten car radiators. A short time later the officer found the men in the process of chopping up the radiators.

Defendant's first assignment of error is that the trial court erred in overruling defendant's motion for judgment of acquittal at the conclusion of the state's case. Defendant does not deny that there was evidence of his possession of the radiators, but asserts that there was no evidence that he knew they were stolen. In an effort to prove knowledge, the state put on a witness who testified:

"Q And I would ask the question—what was said then?

"A Well, Mike said, 'I had a haul.' That's all he said.

"Q He said, 'I made a haul'?

"A Yeah.

"Q  All right. Did he elaborate on it?

"A  No.

"Q  Did he say where he made—had made the haul?

"A  No.

"*  *  *  *  *

"Q  *  *  *  What happened—you stated, Mr. Kane, there was some conversation about where you were going to take the radiators?

"A  Yes.

"Q  What did that conversation concern itself with?

"A  Nothing much. Where to get rid of them."

■ On direct examination the witness stated that the conversation concerning the "haul" occurred while defendant was present in the car but on cross-examination he stated that he did not remember whether defendant was riding in the car at the time the comment was made. Whether the defendant knew or had good reason to believe the radiators were stolen must be determined by all the facts of the case. Proof of knowledge in any case is by inference from the surrounding circumstances. The facts were in dispute and that dispute had to be resolved by the jury. *State v. Savan*, 148 Or 423, 36 P2d 594, 96 ALR 497 (1934).

■ In passing upon the denial of a judgment of acquittal, an appellate court should consider the evidence in the light most favorable to the state, and should sustain the verdict if there is any substantial evidence to support the verdict. *State v. Nipper*, 1 Or App 540, 464 P2d 835 (1970); *State v. Klutke*, 245 Or 302, 303, 421 P2d 956 (1966); *State v. Fichter*, 226 Or 526, 527, 360 P2d 278, 279 (1961). We find that it was not error for the trial court to overrule the *motion for judgment of acquittal.*

Defendant's second assignment of error is that the court erred in giving the following instructions:

"You are instructed that the possession of recently stolen property by the defendant, if so you find, is a circumstance from which the jury, you the jury, may in the absence of explanation, draw an inference of the defendant's guilt."

Defendant relies upon *State v. Long*, 243 Or 561, 415 P2d 171 (1966), in support of his second assignment of error. That case did not involve instructions to the jury, but did restate forcefully the rule requiring proof of guilty knowledge in a prosecution for receiving and concealing stolen property. At pages 564-5 in the Oregon Reports, the court said:

"In prosecutions for receiving or concealing stolen goods, however, the weight of authority, and we think the better view, holds that mere possession of recently stolen goods is not sufficient to prove guilty knowledge, in the absence of other proof that the accused knew or had reason to know that the goods were stolen. *People v. Brooks*, 341 Ill 74, 172 NE 29 (1930); *People v. Lardner*, 296 Ill 190, 129 NE 697 (1920); *Bowers v. State*, 196 Ind 4, 146 NE 818 (1925); *State v. Rock*, 162 La 299, 110 So 482 (1926); *People v. Mullis*, 200 Mich 505, 166 NW 859 (1918); *Durant v. People*, 13 Mich 351 (1865); *Crowell v. State*, 195 Miss 427, 15 So2d 508 (1943); *State v. Day*, 339 Mo 74, 95 SW2d 1183 (1936); *State v. Richmond*, 186 Mo 71, 84 SW 880 (1904); *State v. Neill*, 244 NC 252, 93 SE2d 155 (1956); *Mullins v. State*, 15 Okla Cr 347, 176 P 765 (1918); Annot. 68 ALR 187 (1930). The reason for the rule is convincingly stated by the Supreme Court of Missouri in *State v. Richmond*, supra, 84 SW at 882-883, as follows:

" '* * * Proof of the possession of stolen property is, of course, competent and essential to substantiate the charge; but the naked possession

without proof that the defendant received the goods knowing they had been stolen will not sustain the charge. The very essence of the offense is the receiving knowing them to have been stolen. If the presumption is to be indulged that every person found in possession of stolen goods knows them to be stolen, the state would be relieved of establishing the guilty knowledge, and the burden thrown on the defendant of establishing his innocence. * * *'."

■■ *Long* imposes a duty on the trial court to make certain the jury knows it cannot convict in the absence of proof that an accused knew or should have known that the property in question was stolen. In this case, the court correctly detailed to the jury all the elements of the crime, and instructed the jurors that each of these elements must be proved beyond a reasonable doubt. Rather than stopping at that point, he then proceeded to give the jury the challenged instruction, singling out one material element of the necessary proof (possession) as being sufficient to warrant an inference of guilt. The error was especially prejudicial, since the evidence as to knowledge was weak, and was susceptible of interpretations other than that "Mike" had stolen the radiators. Defendant was entitled to have the jury consider that evidence without the handicap of an instruction implying that mere possession would support an inference of guilt. It was error to have given the instruction.

In view of our disposition of this case, it is unnecessary to discuss the third assignment of error.

Reversed and remanded.