Argued September 25, affirmed October 15, 1970

STATE OF OREGON, *Respondent, v.*
DONALD GENE DARNELL, *Appellant.*

475 P2d 424

*J. Marvin Kuhn,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

Defendant appeals from conviction of receiving and concealing a stolen portable stereo. ORS 165.045. At conclusion of the state's case the defendant moved for directed verdict of acquittal for lack of evidence of defendant's knowledge that the property was stolen, and he assigns as error the court's refusal to grant the motion.

The stereo was stolen in a burglary and was retrieved by detectives from the house of one Mary Wealand. In defendant's cross-examination of one of the detectives, it was revealed that the detectives' attention was called to Mrs. Wealand's home when she called them to come and get a stolen shotgun and other stolen property at her home. At that time, according to the cross-examination of the detectives, the defendant was living at Mary Wealand's home and she had become agitated when he took a shot at her with the shotgun. Since defendant's arrest he and Mary Wealand have married. The detectives made several visits to Mary's home after taking the shotgun, and observed the defendant there altering and rebuilding television sets. They testified they recognized some of such property as having been reported stolen. The detectives testi-

fied that when they came to arrest defendant on their last visit to the home he was not about. They took the stolen stereo and then, after going outside, on a tip from Mrs. Wealand went back inside and discovered the defendant hiding in the attic. They testified that when the defendant came out of his hiding place, after he was warned of his *Miranda*[①] rights, he got into an argument with Mrs. Wealand, accusing her of having as much knowledge as he did about the property being stolen. They also testified that the defendant admitted he lived in the house.

In his testimony the defendant denied the quarrel with Mrs. Wealand or the statements attributed to him, and stated that he lived at the house only three or four nights a week, and had another residence.

■ Under a charge of receiving or concealing stolen property, ORS 165.045, it is necessary to prove that the property was stolen and that there was knowledge or good reason to believe that it was stolen. Something more than mere possession of recently stolen goods is necessary for proof of knowledge. *State v. Long*, 243 Or 561, 415 P2d 171 (1966). The defendant cites ORS 136.540 (1), which requires that a confession alone is not sufficient to warrant conviction without some other proof that the crime has been committed.

■ There is no question here but that the property was stolen, and that defendant lived much of the time in the house where the property was located. From this, the jury could infer possession. Guilty knowledge can be inferred from the cumulative testimony that other stolen property was on the premises; that defendant made incriminating statements to Mrs. Wea-

---

. ① Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974 (1966).

land in the detectives' presence about their mutual knowledge concerning the property being stolen; that he was hiding in the attic when the stolen property was retrieved; and that he was working on other personal property on occasions in the same house in such a way that he was altering its characteristics and appearance. *State v. Kibler,* 1 Or App 208, 461 P2d 72 (1969).

Affirmed.